1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO PEDRO CRUZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KRISTI NOEM, Secretary of U.S. Department of Homeland Security;<br>TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement;<br>PAMELA BONDI, Attorney General of the United States;<br>ERNESTO SANTACRUZ, JR., Acting Director, Los Angeles Immigration and Customs Enforcement Field Office; and<br>DAVID MARIN, Warden of Adelanto Correctional Facility,<br><br>　　　　Respondents. | Case No. 5:26-cv-00600-JWH-PD<br><br>**ORDER GRANTING PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF No. 3]** |

Before the Court is the *ex parte* Application of Petitioner Julio Pedro Cruz for a Temporary Restraining Order ("TRO") to enjoin Respondents Kristi Noem, Todd Lyons, Pamela Bondi, Ernesto Santacruz, Jr., and David Marin from continuing to detain him.[1]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in response,[2] the Court **GRANTS in substantial part** Cruz's Application, for the reasons set forth below.

## I. BACKGROUND

### A. Factual Allegations

Cruz has been "present and residing in the United States for years."[3] Cruz was arrested by immigration authorities on January 23, 2026, and placed in removal proceedings.[4]  Cruz is currently detained at the Adelanto detention center.[5]

### B. Procedural History

On February 10, 2026, Cruz filed both a habeas petition and the instant Application for a TRO.[6]  Through his Application, Cruz asks this Court to enjoin Respondents from continuing to detain him unless they provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a)

---

[1] Pet.'s *Ex Parte* Appl. for TRO (the "Application") [ECF No. 3]

[2] The Court considered the documents of record in this action, including the following papers: (1) Application; (2) Resps.' Response to the Application (the "Response") [ECF No. 7]; (3) Pet.'s Pet. for Writ of Habeas Corpus (the "Petition") [ECF No. 1].

[3] Application 8:7.

[4] Petition ¶ 40.

[5] *Id.* at ¶¶ 40 & 41.

[6] *See generally id.*; Application.

within seven days.[7] In their Response, Respondents request that if the Court grants Cruz's TRO, then it should order that "a bond hearing held before an Immigration Judge under Section 1226(a)."[8]

## II. LEGAL STANDARD

A TRO preserves the *status quo* and prevents irreparable harm until a hearing may be held on the propriety of a preliminary injunction. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (citations omitted). An injunction is binding only on parties to the action, their officers, agents, servants, employees, and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d)(2).

A party seeking a TRO or a preliminary injunction must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir.), *as amended* (Mar. 11, 2014) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). When the nonmoving party is a governmental entity, the last two *Winter* factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

If the court issues a TRO, then it should also issue an order to show cause why a preliminary injunction should not issue. *See* L.R. 65-1.

---

[7]     Application 24:2-7.
[8]     Response 2:13–15.

-3-

## III.  ANALYSIS

Cruz argues that Respondents violated 8 U.S.C. § 1226(a) by failing to provide him with a bond hearing as required by the statute.[9]  The Court concludes that Cruz satisfies the *Winter* factors with respect to his ongoing detention under 8 U.S.C. § 1226(a) without a bond hearing and, therefore, that the issuance of a TRO is appropriate.

**A.    Likelihood of Success on the Merits**

Due process rights extend to noncitizens present in the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." (citation modified)).  Cruz fits that description.

Thus, the outstanding question is "what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).  "The constitution typically requires some kind of a hearing before the State deprives a person of liberty or property, particularly because the loss of liberty cannot be fully compensated after the fact." *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *5 (N.D. Cal. Sept. 12, 2025) (citation and quotation omitted).  When determining what procedures are required by Due Process, a district court applies the three-part *Mathews* test, which involves an analysis of the following:  (1) "the private interest" at stake; (2) "the risk of an erroneous deprivation" without additional procedures and "the probable value . . . of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens imposed by the additional procedures." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

---

[9]     Application 13:11–12.

### 1. Private Interest at Stake

When determining the private interest at stake, the court looks to the degree of potential deprivation. *See Nozzi v. Hous. Auth. of City of Los Angeles*, 806 F.3d 1178, 1193 (9th Cir. 2015). Here, the degree of potential deprivation is high because Cruz has been completely deprived of physical liberty. Because the degree of potential deprivation is high, this factor favors Cruz.

### 2. Risk of Erroneous Deprivation

"[T]he risk of an erroneous deprivation [of liberty] is high" when the petitioner "has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). "Due Process protects against immigration detention that is not reasonably related to the legitimate purpose of effectuating removal or protecting against danger and flight risk." *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) (citing *Zadvydas*, 533 U.S. at 690–94)). Here, Respondents have continued to deny Cruz a post-detention opportunity to contest his detention before a neutral decisionmaker. Without a bond hearing on the merits, the risk of erroneous deprivation is high. Therefore, this factor favors Cruz.

### 3. The Government's Interest

To determine the Government's interest, the Court must look at the function involved and the fiscal and administrative burdens imposed by the additional procedures. Here, the Court finds that the Government's interest in detaining Cruz without a bond hearing is minimal because the effort and cost required to provide Cruz with that procedural safeguard is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Because the Government's burden is low, this factor favors Cruz.

The Court, having found that all of the *Mathews* factors favor Cruz, concludes that procedural Due Process requires a bond hearing before an Immigration Judge.

The Court also joins other courts in this District in holding that petitioners like Cruz who are detained pursuant to 8 U.S.C. § 1226, have a statutory right to a bond hearing at the outset of their detention. *See, e.g.*, *Pelaez Calderon v. Noem*, Case No. 5:25-cv-02633-JWH-AS (C.D. Cal. Oct. 24, 2025); *Arreola Armenta v. Noem*, Case No. 5:25-cv-02416-JFW-SP (C.D. Cal. Sept. 16, 2025); *Mosqueda v. Noem*, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); *Benitez v. Noem*, Case No. 5:25-cv-02190-RGK-AS (C.D. Cal. Aug. 26, 2025); *Arrazola-Gonzalez v. Noem*, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *Ceja Gonzalez v. Noem*, Case No. 5:25-cv-2054-ODW-BFM (C.D. Cal. Aug. 13, 2025); and *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal. July 28, 2025). Therefore, because Cruz's instant detention is governed by 8 U.S.C. § 1226, he is entitled to an individualized bond hearing. That deprivation of an individualized bond hearing is a violation of Cruz's statutory rights.

Accordingly, the Court concludes that Cruz is likely to succeed on the merits of his violation of 8 U.S.C. § 1226(a) and procedural Due Process claims.

**B.     Irreparable Harm**

Cruz has been detained without the procedures or notice required by the Due Process Clause of the Constitution and the bond hearing required by 8 U.S.C. § 1226(a). Thus, he has been deprived of process in a manner that likely violates his constitutional rights. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). The Court finds that Cruz would be immediately and irreparably harmed by the continued deprivation of his liberty without constitutionally mandated due process. *See Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017) (finding that irreparable harm was likely to result from the Government's policy of not considering financial ability to pay immigration

bonds); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (finding that irreparable harm was likely to result from the Government's reading of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention).

### C. Balance of Equities and Public Interest

Because Cruz challenges actions and a policy that are likely in violation of his constitutional rights, both the equities and the public interest favor the issuance of a temporary restraining order. *See Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022) ("[N]either equity nor the public's interest are furthered by allowing violations of federal law to continue."). Furthermore, "[g]enerally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Zhang v. Barr*, 612 F. Supp. 3d 1005, 1017 (C.D. Cal. 2020). Accordingly, the Court concludes that both factors weigh in favor of Cruz.

Thus, because the *Winter* factors all weigh in Cruz's favor, the Court **GRANTS in part** Cruz's Application.

### IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Cruz's instant Application for a TRO [ECF No. 3] is **GRANTED in part**.

2. Respondents are **TEMPORARILY ENJOINED** as follows:

   a. Respondents are **DIRECTED** to provide Cruz with a bond hearing pursuant to 8 U.S.C. § 1226(a) no later than February 26, 2026.

   b. If Respondents do not provide a bond hearing to Cruz by February 26, 2026, then Respondents are **DIRECTED** to release Cruz.

3. To the extent that Cruz seeks any other relief, such relief is **DENIED**.

1   4.   Respondents are **ORDERED** to **SHOW CAUSE** in writing no later than February 27, 2026, why the Court should not issue a preliminary injunction in this case.

5.   Cruz is **GRANTED** leave to file an optional reply no later than March 3, 2026.

6.   A hearing on the OSC re preliminary injunction is **SET** for March 5, 2026, at 10:00 a.m.  Counsel for all parties are **DIRECTED** to appear in person at that date and time in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

7.   This Temporary Restraining Order shall remain in effect until the conclusion of the hearing on March 5, 2026.

**IT IS SO ORDERED.**

Dated: February 19, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-8-